UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JIMMY CATO, ) | |
| a/k/a JIMMIE CATO, ) | |
| ) | Civil No. 13-56-GFVT |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| J. C. HOLLAND, *Warden*, ) | **ORDER** |
| ) | |
| Respondent. | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Jimmy Cato, a/k/a Jimmie Cato,[1] is an inmate confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Cato has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal sentence. [R. 1] Cato has paid the $5.00 filing fee.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Cato's petition under a more lenient standard because he is not represented by an

---

[1] In his petition, Cato spells his first name "Jimmie," but in other federal cases, Cato has identified himself as "Jimmy," *see Cato v. Ives*, No. 12-193-GFVT (E.D. Ky. 2012), and "Jimmy" is the first name which the Bureau of Prisons has assigned to Cato's inmate registration number. *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=59372-079&x=71&y=24 (last visited on April 16, 2013). The Clerk of the Court will therefore identify the petitioner as "Jimmy Cato" and list "Jimmie Cato" as an alias designation in this action.

attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court accepts Cato's factual allegations as true, and construes his legal claims in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  Having reviewed the petition, the Court will deny it as an abuse of the writ because Cato could have asserted the same challenges in a § 2241 petition he recently filed in this Court, but did not do so.  Therefore, Cato cannot assert these claims in this proceeding.

# I

In August 1992, a federal jury in Texas found Cato guilty of conspiracy to distribute cocaine, and he was sentenced to a 420-month prison term, plus a 5-year term of supervised release.  *United States v. Cato*, No. 1:91-CR-2-14 (E. D. Tex. 1991).  Cato appealed, arguing that the sentencing court misapplied the federal rules of evidence by admitting testimony about his prior conviction for selling crack cocaine.  The Court of Appeals affirmed Cato's conviction. *United States v. Cato*, 9 F.3d 1546 (5th Cir. 1993).

In March 1997, Cato filed a 28 U.S.C. § 2255 motion to vacate, correct or set aside his conviction and sentence.  *Cato v. United States*, No. 1:97-CV-163-HC-WCR (E.D. Tex. 1997).  In December 2000, the magistrate issued a report and recommendation to deny Cato's § 2255 motion.  [R. 23.]  Cato filed objections, but on February 29, 2000, the district court adopted the magistrate's recommendation and denied Cato's § 2255 motion.  [R. 27.]

In October 2001, Cato filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in California, arguing that (1) his indictment was defective because it did not specify the amount of controlled substance he conspired to distribute, and (2) a jury did not determine the amount of controlled substance he conspired to distribute.  *Cato v. Herrera*, No. 2:01-CV-09289-VBK (C.D. Cal. 2001).

In April 2002, the district court transferred Cato's petition to the sentencing court, concluding that (1) although Cato alleged that his claims fell under § 2241, he was in reality challenging the legality of his drug conviction; (2) Cato could pursue such a challenge only by way of a § 2255 motion; (3) Cato did not establish that his remedy under § 2255 had been an inadequate or ineffective means of challenging his detention; and (4) transfer of Cato's claims was warranted because the court lacked jurisdiction to address claims which fell under § 2255. [R. 17.] After Cato's § 2241 petition was transferred to Texas, the district court there denied the petition without prejudice as an unauthorized successive § 2255 motion. *Cato v. United States*, No. 1:02-CV-346-RAS (E.D. Tex. 2002). [R. 22.] It does not appear from the docket sheet of that proceeding that Cato appealed the denial of his petition.

In October 2011, Cato filed a motion in his 1992 criminal proceeding, seeking the retroactive application of the federal sentencing guidelines and a reduction of his sentence under 18 U.S.C. § 3582, which the district court denied in August 2012. *United States v. Cato*, No. 1:91-CR-2, [R. 62]. On March 4, 2013, Cato filed a motion in his criminal proceeding seeking relief from his criminal judgment under Federal Rule of Civil Procedure 60(b)(4) and (b)(6), arguing (1) that the court lacked jurisdiction to enhance his sentence based on a "non-predicated offense under Texas State Law....," and (2) that his 420-month sentence exceeded the statutory maximum authorized by statute. [R. 64].

On March 13, 2013, the United States filed a response objecting to Cato's motion. [R. 65]. On April 3, 2013, the sentencing court struck Cato's Rule 60(b) motion from the record, but directed the Clerk to re-characterize it as a motion to vacate under 28 U.S.C. § 2255 and assign it a civil case number. [R. 67]. At last check, that § 2255 motion is currently pending in the sentencing court.

On February 14, 2013, Cato filed a § 2241 petition in this Court, claiming that his sentence was excessive, and that pursuant to *DePierre v. United States*, __ U.S.__, 131 S. Ct. 2225 (2011),[2] *Sawyer v. Whitley*, 505 U.S. 333 (1992),[3] and *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010),[4] his drug conviction was unconstitutional. *Cato v. Holland*, No. 6:13-CV-34-KKC (E. D. Ky. 2013) ("the First Kentucky § 2241 Petition").

Cato argued that in light of *Depierre*, both the indictment under which he was charged and the submitted jury instructions in his criminal proceeding violated the Fifth Amendment's due process clause because they failed to specify the type and quantity of cocaine that he conspired to distribute; that he was charged with and convicted of a nonexistent drug offense; and that *DePierre* applied retroactively to him. Cato alleged that because *Depierre*, *Sawyer*, and *Gilbert* were handed down after he was convicted, his remedy under § 2255 was inadequate and ineffective to challenge his detention and that he was actually innocent of the drug offense of which he was convicted.

On March 20, 2013, while the First Kentucky § 2241 Petition was pending, Cato filed this proceeding ("the Second Kentucky § 2241 Petition"), alleging that the sentencing court

---

[2]In *DePierre*, the prisoner argued that "cocaine base" only meant "crack cocaine," and that because his trial court refused to so instruct his jury, he was improperly convicted and sentenced under 21 U.S.C. § 841(b)(1). The Supreme Court disagreed, holding that Congress' use of the term "cocaine base" in that statute refers not just to crack cocaine, but to all cocaine in its base form. *DePierre*, 131 S. Ct. at 2231-32.

[3]In *Sawyer*, a state death penalty prisoner filed a second or successive § 2254 petition alleging a constitutional error in the jury's determination that he should be sentenced to death; the issue was whether a constitutional error in capital sentencing would fit within the actual innocence exception. The Supreme Court held that the actual innocence exception applies to constitutional errors in capital sentencing only when the errors resulted in the petitioner becoming statutorily eligible for a death sentence that could not otherwise have been imposed. *Sawyer*, 505 U.S. at 348–50.

[4]In *Gilbert*, the Eleventh Circuit Court of Appeals held that a prisoner may challenge the use of a prior conviction to enhance his sentence as a career offender through a § 2241 habeas corpus petition. However, the Eleventh Circuit subsequently vacated that opinion, heard the case *en banc*, and on May 19, 2011, affirmed the district court's denial of Gilbert's § 2241 petition. *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011). On rehearing, the Eleventh Circuit held that when a federal prisoner is challenging an enhanced sentence which does not exceed the statutory maximum, the savings clause in 28 U.S.C. § 2255(e) does not permit him to do so under § 2241, even when he could not have raised that challenge in a § 2255 motion because of the §2255(h) bar against

improperly sentenced him as a career offender under 18 U.S.C. § 851 and U.S.S.G. 4B1.1 based on a prior Texas state court conviction (Possession with Intent to Deliver a Controlled Substance).  In the Second Kentucky § 2241 Petition, Cato alleges that the conduct of which he was convicted in the Texas state court did not qualify as a predicate offense which would have warranted the enhancement of his federal sentence.  Cato alleges that the sentencing court violated his constitutional rights by using that Texas state sentence to enhance his federal sentence.

On March 26, 2013, the Court entered a Memorandum Opinion and Order denying the First Kentucky § 2241 Petition.  [*Id.*, R. 6].  The Court determined that: (1) Cato could not avail himself of the savings clause of § 2255 because *DePierre* broadened – not narrowed – the scope of conduct proscribed by § 841(b) and did not de-criminalize the conduct of which Cato was convicted; (2) even assuming *DePierre* substantively supported Cato's claims, it did not apply retroactively to cases on collateral review, such as Cato's; and (3) Cato could not use § 2241 to challenge either his enhanced sentence or his status as a career offender because a § 2241 petition provides a means of collaterally challenging only an underlying conviction, not a sentence or an aspect of a sentence.  [*Id.*, pp. 5-9]

**II**

The abuse of the writ doctrine bars consideration of Cato's claims.  A district court may refuse to entertain a repeat application for the writ by a federal prisoner "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."  28 U.S.C. §

---

second and successive motions.  *Id.*, at 1319-23.

5

2244(a).

While principles of claim and issue preclusion do not apply in the habeas context in the same manner as they do to a civil claim, the abuse of the writ doctrine serves a similar role in counseling against considering the merits of the same claim presented in successive habeas corpus petitions. *McClesky v. Zant*, 499 U.S. 467, 480–81 (1991) ("res judicata does not apply 'to a decision on habeas corpus refusing to discharge the prisoner.'"), *but see Smith v. Reno*, 3 F. App'x 403 (6th Cir. 2001) (applying doctrine of claim preclusion to bar reassertion of claims previously considered and rejected in prior habeas corpus petition filed pursuant to Section 2241); *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 766 (6th Cir. 2008); *Rosales–Garcia v. Holland*, 322 F.3d 386, 398–99 n. 11 (6th Cir. 2003).

"[W]here a prisoner files a petition or engages in other conduct that 'disentitle[s] him to the relief he seeks,' the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ." *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1985) (internal citations omitted); *see also Zayas v. INS*, 311 F.3d 248, 255 (3d Cir. 2002) (Section 2241 habeas petitions are subject to abuse of the writ doctrine); *Allen v. Wilson*, 2011 WL 165389, at *2 (E.D. Ky. Jan. 19, 2011) (applying the abuse of the writ doctrine to bar consideration of the merits of a claim which had been presented in successive habeas corpus petitions).

Even if the claim which Cato now asserts in the Second Kentucky § 2241 petition is not identical to the *Depierre* claim he recently asserted in the First Kentucky § 2241 petition, he still could and should have presented his current sentencing challenge in the First Kentucky § 2241 petition, but did not do so. The abuse of the writ doctrine prevents a petitioner from asserting similar claims in piecemeal fashion in an attempt to find a sympathetic forum. *Rosales–Garcia*, 322 F.3d at 398 n.12 (holding that a petition is abusive "where a prisoner files a petition raising

6

grounds that were available but not relied upon in a prior petition"); *Skinner v. Hastings*, No. 7:05-CV-37-DCR, 2006 WL 2457934, at *4 (E.D. Ky. Aug. 22, 2006) ("Allowing [a petitioner] to raise any claim in the instant proceeding that he actually raised in [a prior] case would constitute an impermissible successive petition; allowing him to raise a claim that could have been raised in that case would constitute an 'abuse of the writ" which this Court will not permit.")

Under these facts, Cato is not entitled to relief under § 2241. The Court need not address the merits of his claims,[5] because the Court will deny Cato's § 2241 petition as an abuse of the writ and dismiss this proceeding with prejudice.

### III

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall identify the petitioner as "Jimmy Cato" and list "Jimmie Cato" as an alias designation.

2. Jimmy Cato's petition for a writ of habeas corpus [R.1] is **DENIED**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

---

[5]Even had the Court addressed the merits of Cato's current claim, it likely would have denied his petition for the same reasons Chief Judge Karen K. Caldwell denied the First Kentucky § 2241 Petition, *i.e.*, that a petitioner challenging only his *sentence* can not proceed under § 2241 because the savings clause of § 2255 does not extend to a petitioner challenging either his enhanced sentence or his status as a career offender. *See Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F .3d 263, 267 n. 7 (4th Cir. 2008); *Howard v. Shartle*, No. 4:10-CV-01128, 2010 WL 2889104, at *2 (N. D. Ohio July 20, 2010); *McKelvey v. Rivera*, No. 4:10-422, 2010 WL 2985965, at *4, (D.S.C. June 18, 2010); *Evans v. Rivera*, No. 09-1153, 2009 WL 2232807, at* 4 (D.S.C. July 23, 2009) ("No apparent legal authority supports the notion that this court, pursuant to § 2241, may adjudicate whether Petitioner is actually innocent of a sentence-enhancing prior offense.").

This 15th Day of May, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge